# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**5402 PINE CHASE LLC,**

    **Plaintiff,**

**v.**                 **Case No:  6:14-cv-1165-Orl-41KRS**

**CIERRA SMILEY,**

    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 3)** |
| **FILED:** | **July 21, 2014** |

Cierra Smiley was the defendant in a state court action filed in the County Court of Orange County, Florida.  She removed the case to this Court on July 21, 2014.  Doc. No. 1.  She seeks an order vacating the final judgment in the underlying case as unconstitutional and in violation of federal law.  *Id.*; Doc. No. 2.  Smiley seeks to proceed *in forma pauperis*.  Doc. No. 3.

Smiley did not file the state court record as required by an order of the Court dated August 4, 2014.  Doc. No. 5.  Accordingly, the undersigned reviewed the online docket of the state court case to determine the nature of the underlying proceedings.  *5402 Pine Chase LLC v. Smiley*, Case No. 2014-CC-7702-O, found at http://myclerk.myorangeclerk.com/CaseDetail.aspx?CaseID=

8930687 (last visited Aug. 25, 2014).   The docket reflects that the underlying case was an eviction action.   Final judgment was entered on July 14, 2014, and the court issued a Writ of Possession on July 15, 2014.   On July 25, 2014, the court denied Smiley's motion to vacate the judgment and stay the eviction.   *Id.*

## II.    LEGAL STANDARD.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants— prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").   To state a claim upon which relief can be granted, a plaintiff's complaint must contain sufficient factual content to bring his claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   A complaint is frivolous within the meaning of § 1915(e)(2)(B), if "it lacks an arguable basis either in law or in fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Dismissal on grounds of frivolity may be appropriate if the district court sees that an affirmative defense – such as absolute immunity – would defeat the action.   *See Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 & n.2 (11th Cir. 1990).

## III.    ANALYSIS.

"According to the *Rooker-Feldman* doctrine, 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings.'"   *Powell v. Powell*, 80 F.3d 464, 466 (11th Cir. 1996) (quoting *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)).   *Rooker-Feldman* applies only in cases "brought by state-court losers complaining of

injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"   *Arthur v. JP Morgan Chase Bank, N.A.*, --- F. App'x --- , 2014 WL 2620955, at *4 (11th Cir. June 13, 2014) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) (unpublished decision cited as persuasive authority).   "The *Rooker-Feldman* doctrine . . . applies when '(1) the success of the federal claim would effectively nullify the state court judgment, or . . . (2) the federal claim would succeed only to the extent that the state court wrongly decided the issues.'"   *Id.* at *5 (internal quotations omitted).

It appears from the state court docket that a final judgment was entered by the County Court on July 14, 2014.   There is no notice of appeal.   Therefore, Smiley is asking this Court to reverse a final judgment entered by the state court before this case was removed.   Because Smiley asks that this Court vacate the judgment and writ of possession issued by the state court and stay the eviction, *Rooker-Feldman* is applicable.   That is, Smiley could only prevail in this Court if the state court wrongly decided the issues and a judgment from this Court to that effect would effectively nullify the state court judgment.   Therefore, this Court lacks subject-matter jurisdiction over this case.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   28 U.S.C. § 1447(c).   Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **REMAND** this case to the County Court in and for Orange County, Florida and direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 25, 2014.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy